### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br>Plaintiffs,<br>v.<br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br>Plaintiffs,<br>v.<br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>Defendants. | No. 2:09-cv-06151-AB |

### FINAL ORDER AND JUDGMENT APPROVING FOURTH AMENDED SETTLEMENT AND CERTIFYING SETTLEMENT SUBCLASSES[1]

AND NOW, this _21st_____ day of January, 2015, it is **ORDERED:**

### I.  JURISDICTION

1.  This Court has jurisdiction over the subject matter of this action and each of the parties to the Fourth Amended Settlement Agreement (*Agreement*).

2.  Following entry of this order, the Court retains jurisdiction over this action.

### II.  FINAL APPROVAL OF SETTLEMENT

3.  The Court reaffirms the July 15, 2009 certification of the *McDonough Subclasses*. Furthermore, under the same rationale, the Court now certifies the *Elliott Subclasses*.[2]  Together, these comprise the following *Settlement Subclasses* for final approval:

> A.  All persons who directly purchased any BabyBjörn baby carrier distributed by Regal Lager from Babies "R" Us within the U.S. during the period February 2, 2000, to April 30, 2005.  Excluded from this Settlement

---

[1] All capitalized, italicized terms are used as defined in the Fourth Amended Settlement Agreement (*Agreement*).

[2] This certification is explained in the accompanying memorandum at footnote 11.

Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("BabyBjörn Settlement Subclass").

B.    All persons who directly purchased any Britax car seat from Babies "R" Us within the U.S. during the period January 1, 1999 to January 31, 2011. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Britax Settlement Subclass").

C.    All persons who directly purchased any Kids Line product from Babies "R" Us within the U.S. during the period January 1, 1999 to December 31, 2006. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Kids Line Settlement Subclass").

D.    All persons who directly purchased any Maclaren stroller from Babies "R" Us within the U.S. during the period October 1, 1999 to January 31, 2011. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Maclaren Settlement Subclass").

E.    All persons who directly purchased any Medela Pump In Style breast pump from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Medela Settlement Subclass").

F.    All persons who directly purchased any Peg Perego stroller from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Peg Perego Stroller Settlement Subclass").

G.    All persons who directly purchased any Peg Perego high chair from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Peg Perego High Chair Settlement Subclass").

H.    All persons who directly purchased any Peg Perego car seat from Babies "R" Us within the U.S. during the period July 1, 1999 to January 31, 2011. Excluded from this Settlement Subclass are any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs ("Peg Perego Car Seat Settlement Subclass").

4.       The requirements of Federal Rule of Civil Procedure 23(e) have been satisfied. On May 14, 2014, the Court directed notice in a reasonable manner to all *Class Members* who would be bound by the proposed *Agreement*.   The Court also directed notice at time of certification of the *McDonough Subclasses* and at the Initial Settlement stage.   The Court afforded a new opportunity to request exclusion to individual *Class Members* who had an earlier opportunity to request exclusion but did not do so.  The Court provided *Class Members* with the opportunity to object to the terms of the *Agreement*.   On October 6, 2014, the Court held a final fairness hearing.  Now, the Court adjudges the terms of the *Agreement* to be fair, reasonable, and adequate.

5.       Therefore, the terms of the *Agreement* are approved.  ECF No. 864, Ex. 1.

## III.    DISMISSAL OF ACTION AND RELEASE OF CLAIMS

6.       The Defendants (*Releasees*) are released, waived, and discharged by the *Settlement Class Members*, on behalf of themselves and their respective predecessors and successors, from any and all claims or causes of action, asserted or unasserted, the *Settlement Class Members* ever had or now have that were or could have been asserted in the Litigation including, but not limited to: any and all claims, causes of action, demands, actions, suits, rights, obligations, controversies or the like, known or unknown, including under federal or state antitrust or unfair competition law, that the *Settlement Class Members* ever had or have as of the date that the *Settlement Agreement* becomes *Final*, arising from or related to the wholesale or retail pricing, discounting, marketing, advertising, distribution or sale of BabyBjörn baby carriers, Britax car seats, Kids Line Products, Maclaren strollers, Medela breast pumps, Peg Perego strollers, Peg Perego car seats, or Peg Perego high chairs (the *Released Claims*).

7.       *Released Claims* include any and all claims Plaintiffs and any *Settlement Class*

3

*Member* does not know or suspect to exist in his, her or its favor as of the *Effective Date* which arise out of or in any way relate to the facts, transactions, acts, practices, breaches, events, occurrences, statements, disclosures, omissions or failures to act alleged or which could have been alleged in the Litigation, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Fourth Amended Settlement (the "Unknown Claims"). With respect to any of the *Released Claims* (which include the Unknown Claims), upon the *Effective Date*, the Plaintiffs and each *Settlement Class Member* will be deemed to have waived, and by operation of the *Final Judgment* will have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory in the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and each *Settlement Class Member* acknowledge that they may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the subject matter of this *Agreement*, but it is their intention to fully and finally settle and release the *Released Claims*, including Unknown Claims, notwithstanding the discovery or existence of such additional or different facts.

8.      For avoidance of doubt, *Released Claims* will not include claims entirely unrelated to the claims that were or could have been asserted in the Litigation, including, but not limited to, allegations of false advertising or misrepresentations relating to the performance of the products purchased, personal injury, or breach of warranty or breach of contractual relationships relating to the performance of the products purchased.

## IV.    FINALITY OF JUDGMENT

9.    This *Final Order and Judgment* adjudicates all the claims, rights, and liabilities of the parties to the *Agreement*, other than those covered in the *Fee and Expense Order* and the *Allocation Order*.  Neither this *Final Order and Judgment* nor the *Agreement* will constitute any evidence or admission of liability by Defendants, nor will either document or any other document relating to the *Settlement* be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the *Agreement* or the terms of this *Final Order and Judgment* or if offered by Defendants in responding to any action purporting to assert *Released Claims*.

10.    This Litigation is dismissed with prejudice as to Defendants, and as to *Settlement Class Members*.  *Settlement Class Members* are bound by the terms of this *Final Order and Judgment* and barred from further prosecution of the *Released Claims*.  All *Class Members* that have timely and validly excluded themselves are identified in ECF No. 884, Ex. A.

## V.    CONCLUSION

- Plaintiffs' Motion for Approval of Fourth Amended Settlement (*McDonough*, 06-cv-242, ECF No. 864; *Elliott*, 09-cv-6151, ECF No. 154) is **GRANTED**.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

5