IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL M. MCDONOUGH, *et al.*,<br>Plaintiffs,<br>v.<br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>Defendants. | No. 2:06-cv-0242-AB |
| ARIEL ELLIOTT, *et al.*,<br>Plaintiffs,<br>v.<br>TOYS "R" US, INC., d/b/a Babies "R" Us, *et al.*,<br>Defendants. | No. 2:09-cv-06151-AB |

## ALLOCATION ORDER[1]

**AND NOW**, this ___21Sst___ day of January, 2015, it is **ORDERED:**

1. The Court modifies the proposed allocation of the *Settlement Fund* as set forth below.[2] The Court's modified allocation of the *Settlement Fund* is fair, reasonable, and adequate and in the best interests of Plaintiffs and the *Settlement Subclasses* as a whole, as well as each *Settlement Class* individually and the *Settlement Class Members*.

2. The Court directs the *Settlement Trustees* and/or the *Claims Administrator* to allocate and distribute the *Net Settlement Fund*, after payment of all required expenses under the *Settlement Agreement* as well as any payments due from the *Fee and Expense Order* and subject to the provisions below, on a *pro rata* basis to all *Authorized Claimants*.

3. The *Claims Administrator* is directed to make payments to *Authorized Claimants*

---

[1] All capitalized, italicized terms are used as defined in the Fourth Amended Settlement Agreement (*Agreement*).

[2] This *Allocation Order* modifies the Order attached to the *Agreement* as Exhibit F.  See ECF No. 864. Pursuant to Paragraph 19 of the *Agreement*, modification of the proposed allocation order does not affect the validity of the settlement.

1

as follows:

    A.    *Class Counsel* has submitted to the *Claims Administrator* information regarding each *Settlement Product* to enable the *Claims Administrator* to calculate the estimated retail price for each year (the "ERP") of each product. See ECF No. 893. The ERP must be calculated from pricing information obtained from the defendants and public sources.

    B.    Payments to *Authorized Claimants*

        i.    Each *Authorized Claimant* who either files or previously filed a valid *Claim Form* and who submits or previously submitted documents that the *Claims Administrator* determines are valid proof of purchase and purchase price shall be entitled to a payment from the *Net Settlement Fund* in the amount of twenty percent (20%) of his or her actual purchase price of each *Settlement Product*, subject to the *pro rata* reductions or enhancements.

        ii.    Each *Authorized Claimant* (i) who files or previously filed a valid *Claim Form* and who submits or previously submitted documents that the *Claims Administrator* determines are valid proof of purchase but does not provide proof of his or her actual purchase price, or (ii) for whom BRU has provided records of a valid proof of purchase to the *Claims Administrator* shall be entitled to a payment from the *Net Settlement Fund* in the amount of twenty percent (20%) of the ERP of each *Settlement Product*, subject to the *pro rata* reductions or enhancements. The amounts computed for any *Authorized Claimant* as set forth in these sub-paragraphs 3(B)(i) or 3(B)(ii) shall be referred to as "Initial Authorized Payments."

        iii.    Examples of the types of documents that may constitute valid documentary proof of purchase include, but are not limited to: receipts, cancelled checks, credit card statements, photographs, or corroborating, sworn affidavits from two other people. It will be within the discretion of the *Claims Administrator* to determine what constitutes valid documentary proof of purchase.

4.    If payment of the total of the Initial Authorized Payments fails to exhaust the *Net Settlement Fund*, then all of the Initial Authorized Payments must be increased by an equal percentage until the *Net Settlement Fund* would be exhausted or until each Authorized Claimant

eligible for an Initial Authorized Payment would receive a maximum of three times his/her Initial Authorized Payments ("Enhanced Authorized Payments").

5.  If payment of the total of the Initial Authorized Payments would exhaust the *Net Settlement Fund*, then all of the Initial Authorized Payments must be reduced by an equal percentage ("Reduced Authorized Payments").

6.  Within 45 days of the *Effective Date*, the *Claims Administrator* must identify and submit to *Class Counsel*, and to the Court, an accounting of all Initial Authorized Payments, Enhanced Authorized Payments or Reduced Authorized Payments the *Claims Administrator* intends to pay.  At the same time, the *Claims Administrator* will provide Defendants with sufficient information to (i) identify the aggregate of all amounts the *Claims Administrator* intends to pay to *Authorized Claimants*, and (ii) explain the calculation as provided for in this *Allocation Order*.  Within 14 days of such notice, *Class Counsel* must identify any issues or communicate their agreement with the payments proposed to be made by the *Claims Administrator*.  If *Class Counsel* and the *Claims Administrator* are unable to agree on the appropriate payments to be made or the resolution of any outstanding issues, they must request an Order from the Court resolving any such issues.  No payments are authorized until so ordered by the Court (the "Initial Distribution").  Payments must be made by checks valid for 90 days (the "Payment Period").

7.  If after the Payment Period there are any funds remaining in the *Net Settlement Fund* or any other funds to which the *Settlement Fund* was allocated or distributed after all payments ordered by the Court have been made ("Final Remaining Amount"), the *Claims Administrator* is directed to pay such Final Remaining Amount to Defendants as Defendants jointly instruct the *Settlement Trustee* and/or *Claims Administrator*.

8. Upon payment of the Final Remaining Amount to Defendants, coupons, in the form described in Exhibit I of the *Agreement* in a total cumulative amount up to the Final Remaining Amount ("Coupons") must be distributed by the *Claims Administrator* to *Authorized Claimants* who (i) cashed or deposited the checks distributed to them in the Initial Distribution; (ii) have provided, or the *Claims Administrator* already has, their email addresses; and (iii) did not receive the Maximum Enhanced Authorized Payment ("Eligible Coupon Recipients") as follows:

    A. The total value of Coupons available must be distributed to Eligible Coupon Recipients based on a *pro rata* distribution consistent with the allocation and distribution described in Paragraphs 2-5 above. Each Coupon will be issued only in whole dollar amounts and this rounding process must be implemented in such a way that it will neither increase nor decrease the total dollar amount distributed. Once distributed, the Coupons are fully transferrable.

    B. Within 45 days of the calculation of the Final Remaining Amount, the *Claims Administrator* must identify and submit to *Class Counsel* an accounting of the Coupons to be distributed. At the same time, the *Claims Administrator* will provide Defendants with sufficient information to (i) identify the aggregate of all Coupon amounts to be distributed, and (ii) explain the calculation as provided for in this *Allocation Order*. Within 14 days of such notice, *Class Counsel* must identify any issues or communicate their agreement with the Coupon distribution proposed to be made by the *Claims Administrator*. If *Class Counsel* and the *Claims Administrator* are unable to agree upon the appropriate Coupon distribution to be made or the resolution of any outstanding issues, they must

request an Order from the Court resolving any such issues. Coupons must not be distributed until so ordered by the Court. Coupons must be valid for 120 days.

9. This Order finally resolves the claims, rights and liabilities of the parties related to the allocation of the *Settlement Fund*.

## CONCLUSION

- Plaintiffs' Motion for Entry of Proposed Allocation Order (*McDonough*, 06-cv-242, ECF No. 865; *Elliott*, 09-cv-6151, ECF No. 155) is **GRANTED in part and DENIED in part**.

- The claims of 81 class members who submitted valid, curative responses after the deficiency process deadline are **APPROVED**.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: